**SIGNED this 07 day of March, 2006.**

_____
**FRANK R. MONROE
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHARLES WINSTON GARNER ) | CASE NO. 05-15989-FM |
| CAROLE JEAN GARNER ) | (Chapter 7) |
| DEBTORS ) | |
| IN RE: ) | |
| ) | |
| CHARLES W. GARNER, JR. ) | CASE NO. 05-15994-FM |
| PAULA W. GARNER ) | (Chapter 7) |
| ) | |
| DEBTORS ) | |

### MEMORANDUM OPINION

The Cadle Company II, Inc. ("Cadle") filed identical Motions to Extend the Time for Filing Complaints Objecting to the Discharge and/or to Determine the Dischargeability of Certain Debts ("Motions") in the above two cases on December 30, 2005. The Debtors filed responses in opposition to both Motions. The Court heard the Motions on February 21, 2006. The Motions are core

1

proceedings under 28 U.S.C. §157(b)(2). The Court has jurisdiction to enter a final order herein under 28 U.S.C. §157(a) and (b)(1), 28 U.S.C. §1334(a) and (b), 28 U.S.C. §151, and the Standing Order of Reference by the United States District Court for the Western District of Texas of all bankruptcy matters.

## ISSUE

1. <u>Discharge - §727</u>. Cadle's Motions state they are filed under Bankruptcy Rule 4004(b) which states that, "On motion of any party in interest, after hearing on notice, the Court may <u>for cause</u> extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired." B. Rule 4004(b)(emphasis added).

2. <u>Dischargeability - §523</u>. Although the caption of the Motions allege that they are also Motions seeking to extend the time to file complaints seeking to determine dischargeability of certain debts, the text of the Motions is silent with regard to Bankruptcy Rule 4007(c) which governs the time for the filing of complaints pursuant to 11 U.S.C. §523(c). Further, there is no statement in either Motion alleging that Cadle either holds a non-dischargeable debt or needs time to determine if it does. Therefore, strictly speaking, Cadle's Motion is only a motion seeking to extend the deadline to file a complaint under §727 of Title 11. Additionally, Cadle produced no evidence at the hearing to support such a request and counsel for Cadle made no statement on the record with regard to an alleged nondischargeability of its

indebtedness either directly or indirectly.

Bankruptcy Rule 4007(c), states that "the court <u>may for cause</u> extend the time" to file a dischargeability complaint. (emphasis added). The two "causes" which Cadle stated in its Motions that allegedly require further examination have absolutely nothing to do with whether or not Cadle's indebtedness is dischargeable under §523. Or, if they do, it is not so alleged by Cadle.

The "cause" set out in Bankruptcy Rule 4007(c) is not to be interpreted as "just because I ask". "Cause" requires a showing of a good reason why such an extension should be granted. Case law citing Rule 4007(c) indicates that the "cause" for an extension must be compelling and a creditor must show why it was not able to comply with the deadline as originally set. *9 Collier on Bankruptcy 15th Ed. Rev.* ¶4007.04[3][b] page 4007-17.

In the case of *In re Littell,* 58 B.R. 937 (Bankr. S.D. Tx. 1986), the creditor sought an extension of time to file a dischargeability complaint on the basis that the debtor had been uncooperative in providing movant with necessary documents. The court found this excuse unpersuasive. Specifically the court said,

> "The moving parties, as any creditor, should have examined the debtor and its financial records at the first creditor's meeting and obtained all necessary documents at that meeting. If those records were unavailable at that meeting, movants could have conducted an examination of the debtor under Rule 2004 prior to June 5, 1985. At such examination, movants could have requested debtor to bring all applicable documents which movants required to file their complaint.

3

> Had movants used due diligence, they could have obtained the necessary information for timely preparation of a complaint."

*In re Littell,* 58 B.R. 937, 938 (Bankr. S.D. Tx. 1986). The same interpretation of "cause" applies in Rule 4004(b) as well. *In re Boucher,* 728 F.2d 1152 (8th Cir. 1984).

## **FACTS**

In our instant cases Cadle has been very active. The Petitions were filed September 28, 2005. The creditor's §341 meetings were set for November 4, 2005. A Request for Notice was filed by Cadle on October 11, 2005. The Trustee continued the first meeting of creditors until December 13, 2005 in the Garner, Jr. case and December 14, 2005 in the Garner, Sr. case. Cadle noticed the Debtors for Rule 2004 examinations for November 18, 2005 with a request for production of extensive documents by November 17, 2005. An amended notice of 2004 examination was served on Debtors' counsel by Cadle on the afternoon of November 16, 2005 rescheduling the 2004 examinations to December 9, 2005 and the deadline for production of documents to December 2, 2005. Cadle filed an objection to exemptions claimed by the Debtors on December 5, 2005. The §341 meeting of creditors was held on December 14, 2005 in the Garner, Sr. case. Garner, Jr.'s §341 meeting was concluded on that date as well. The record is silent as to whether Cadle attended and/or participated. The Rule 2004 examinations of both Charles Garner, Sr. and Charles Garner, Jr.

4

were taken on December 9, 2005. According to the Motion, Cadle's counsel received the transcripts of such examinations on December 21, 2005. On December 30, 2005, Cadle filed its Motion to Extend. On January 17, 2006, Cadle withdrew its objection to exemptions. The discharge deadline in this case was January 3, 2006.

As stated above, the Motions to Extend Time, insofar as they can be read to be a Motion to Extend the Time to File a Dischargeability Complaint under 11 U.S.C. §523, are silent as to any reason why the time needs to be extended to file a dischargeability complaint. Neither was there any evidence of such "cause" put into the record at the hearing by Cadle. Accordingly, to the extent the Motions are Motions to Extend the Time to File a §523 Complaint, they are denied for the failure of Cadle to either allege any cause or prove any cause regarding their alleged inability to timely file §523 Complaints in both cases.

With regard to the Motions to Extend Time for Filing §727 Complaints, Cadle makes only two allegations of cause for such extension.

First, Cadle alleges that it learned during the Rule 2004 examinations that Garner, Jr. would often draw monies out of a partnership by the name of Garner & Associates for personal expenses; and, that upon information and belief, "Garner & Associates may be the alter ego of Garner, Sr. and/or a 'sham partnership'". The time period within which these alleged withdrawals took place was neither plead nor proven by Cadle. Cadle now wants more time to take a 2004 examination of Garner &

Associates and "possible other entities connected to Garner & Associates."

Second, Cadle alleges that an entity known as Rotorwing Services, Inc. partially owned by Garner, Jr. "allegedly stopped doing business in 1994 although it remains a viable entity." Cadle then alleges that Garner, Jr. and Garner, Sr. both guaranteed loans for that corporation when they were fully aware that the corporation was not operating. Cadle says it needs to take the examination of Rotorwing Services, Inc. as well as any other entity connected to that corporation.

In its response, the Debtors allege with regard to Garner & Associates that Cadle is well aware that Garner, Sr. and Garner, Jr. are its partners. Why the additional Rule 2004 examination of Garner & Associates is required was not adequately explained by Cadle. Such 2004 exam would, most probably, be conducted by examining either Garner, Jr. or Garner, Sr. since they are its partners. This is something Cadle has already done.

With regard to Rotorwing, the Debtors' response states that the operation ceased in 1994 "because a customer wrecked a helicopter that was the sole asset of the business." The Debtors also respond that through the 2004 examinations of Garner, Jr. and Garner, Sr. and an extensive examination of records, "Cadle already knows more about Rotorwing than was ever relevant to this bankruptcy."

It should be reiterated at this point that Movant Cadle produced absolutely <u>no evidence</u> in support of its Motions. Counsel

6

simply made an argument without producing one single item of evidence whatsoever.

Cadle took the Rule 2004 examinations of both Garner, Sr. and Garner, Jr. on December 9, 2005. Cadle presumably reviewed all the documents that were produced pursuant to its request prior to those examinations. Although it received the official transcript of the Rule 2004 examinations on December 21, 2005, it filed its Motions on December 30, 2005 saying it needed another sixty days in part to finish reviewing the transcripts of the 2004 examinations it took. Such is not good cause as required by the Rules. Further, it is obvious from the Motions filed that all Cadle wants to do is conduct a fishing expedition since it is obviously unable at present to concoct any grounds either for the filing of an objection to discharge under §727 or for objecting to the dischargeability of its debt under §523 even though it has reviewed all of the Debtors' records it asked for and taken the 2004 examinations of Garner, Sr. and Garner, Jr.

Under the circumstances and since Cadle produced no evidence of "cause" to extend the relevant deadlines at the hearing, it could not be clearer that Cadle, having not caught anything to date, simply wants to go fishing further. It is clear that Cadle has been provided by the Debtors everything it requested. There is simply no justification or "compelling" reason as to why the deadline should be extended. There has been no showing as to why all of the discovery taken by Cadle prior to January 3, 2006 was not sufficient to allow it to comply with the original deadline.

What is obvious is that Cadle has been unable to turn up anything that would justify the filing of a complaint either under §727 or §523 and now it wants more time simply to fish around to see if something will pop up. That is not the purpose of Bankruptcy Rule 4007(c) or 4004(b).

    The Motions are denied and an Order of even date will be entered herewith.

###

Copies To:

Bruce W. Akerly, Esq.
1400 One McKinney Plaza
3232 McKinney Blvd.
Dallas, TX 75204-2429
Counsel for the Cadle Company II, Inc.

Joseph D. Martinec, Esq.
919 Congress Ave., Suite 1500
Austin, TX 78701-2156
Counsel for Debtors